# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1049

———————————————

Timothy M. Harris

*Plaintiff - Appellant*

v.

Federal Express Corporation Long Term Disability Plan

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: August 17, 2021
Filed: August 20, 2021
[Unpublished]

——————————

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Timothy Harris appeals following the district court's[1] adverse grant of summary judgment in his Employee Retirement Income Security Act (ERISA) action

---

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

arising from the denial of long-term disability (LTD) benefits. Upon careful review, see Carrow v. Standard Ins. Co., 664 F.3d 1254, 1258 (8th Cir. 2012) (de novo review of grant of summary judgment; if plan reserves discretionary power to construe terms or determine eligibility, administrator's decision is reviewed for abuse of discretion), we agree with the district court that appellee Federal Express Corporation Long Term Disability Plan (the Plan) did not abuse its discretion in interpreting the term "any compensable employment," as its interpretation required more than a nominal ability to work, and thus did not conflict with the Plan's goals or with ERISA's stated purpose. See McClain v. Eaton Corp. Disability Plan, 740 F.3d 1059, 1067-68 (6th Cir. 2014) (rejecting plaintiff's argument that ability to do part-time sedentary work was "pittance" that was insufficient to find her able to do other work under plan definition of disability); Finley v. Special Agents Mut. Benefit Ass'n, Inc., 957 F.2d 617, 621 (8th Cir. 1992) (setting out factors to determine whether interpretation of plan terms is reasonable). We also agree that the Plan did not abuse its discretion in denying Harris's claim for LTD benefits. See Johnston v. Prudential Ins. Co. of Am., 916 F.3d 712, 715-16 (8th Cir. 2019) (because plan administrator had new evidence supporting its decision to terminate LTD benefits, it did not err by not obtaining vocational opinion); Carrow, 664 F.3d at 1259 (plan administrator was not bound by Social Security Administration's disability findings, and reports of treating and consulting physicians constituted substantial evidence supporting plan administrator's decision that claimant was not disabled).

The judgment is affirmed. See 8th Cir. R. 47B.

_____